ELSIE SPEARMAN, Plaintiff-Appellant, *v.* STATE SECURITY INSURANCE COMPANY, Defendant-Appellee.

First District (1st Division)  No. 77-154

Opinion filed January 23, 1978.

James S. Quinlin, Jr., of Lipnick, Barsy & Joseph, of Chicago, for appellant.

Leon M. Fineberg, of Brody, Gore & Fineberg, Ltd., of Chicago, for appellee.

Mr. JUSTICE McGLOON delivered the opinion of the court:

Plaintiff, Elsie Spearman, filed suit against defendant State Security Insurance Co., for a declaratory judgment directing defendant to submit to arbitration pursuant to the Uniform Arbitration Act (Ill. Rev. Stat. 1975, ch. 10, par. 101 *et seq.*) and in accordance with an automobile insurance policy issued to plaintiff. The suit arose from defendant's refusal to arbitrate a claim made by plaintiff under the "uninsured motorist" provision of the policy. Previously, plaintiff had been in an automobile accident with a motorist whose insurance carrier subsequently became insolvent.

After a bench trial, the trial court found for defendant and held that plaintiff should have made a claim against the Illinois Insurance Guaranty Fund, rather than proceeding under her insurance policy.

From that judgment, plaintiff appeals. Plaintiff argues that there can be no recovery under the Illinois Insurance Guaranty Fund until one has exhausted their rights under their own policy.

We reverse and remand with directions.

The facts are undisputed. On June 9, 1972, plaintiff Elsie Spearman was in an automobile accident with an automobile driven by Robert Boone in Thorton Township, Cook County, Illinois. At the time, plaintiff was

covered by a policy of liability insurance issued to her by defendant State Security Insurance Company. Similarly, Robert Boone had a policy of insurance issued to him at the time of the accident. However, Boone's carrier, Metro Casualty Company, became insolvent several months after the accident.

Plaintiff's insurance policy with defendant provides:

"To pay all sums which the insured or his legal representative shall be legally entitled to recover as damages from the owner or operator of an uninsured automobile because of bodily injury, sickness or disease, including death resulting therefrom, hereinafter called 'bodily injury', sustained by the insured, caused by accident and arising out of the ownership, maintenance or use of such uninsured automobile."

Said policy further defines "uninsured automobile" as:

"(c) an automobile with respect to which there is a bodily injury liability insurance policy applicable at the time of the accident but the company writing the same is or becomes insolvent subsequent to the date of the accident."

The insurance policy also contains an arbitration provision that provides for the selection of an impartial arbitrator which a dispute between the insured and the insurer arises as to whether the insured can recover under the policy for injuries caused by the uninsured motorist.

Relying on these provisions, plaintiff made an uninsured motorist claim under her insurance policy. However, defendant denied liability on the basis that Mr. Boone was not the owner or operator of an uninsured automobile, by virtue of the existence of the Illinois Insurance Guaranty Fund (Ill. Rev. Stat. 1975, ch. 73, par. 755a). Defendant stated that plaintiff's proper recourse was to file a claim against the Fund, rather than her insurance policy, since the purpose of the Fund is to protect insured motorists from motorists whose insurance carriers subsequently become insolvent.

When defendant refused to submit to arbitration in order to settle the claim, plaintiff filed a suit for declaratory judgment seeking to compel arbitration. After a bench trial, the trial court rendered a judgment in favor of defendant.

From the judgment, plaintiff appeals. Plaintiff argues that it was improper for defendant to refuse to arbitrate and further argues that an insured must exhaust his claim under the uninsured motorist and arbitration provisions of his insurance policy before proceeding against the Illinois Insurance Guaranty Fund. We agree.

The purpose of section 143a of the Insurance Code (Ill. Rev. Stat. 1975, ch. 73, par. 755a) has been enunciated in several cases. In *Putnam v. New*

*Amsterdam Casualty Co.* (1970), 48 Ill. 2d 71, 89, 269 N.E.2d 97, 106, the Supreme Court stated:

> "[W]e believe the reasonable purpose of the statutory uninsured motorist provisions is to assure that compensation will be available to policyholders, in the event of injury by an uninsured motorist, to at least the same extent compensation is available for injury by a motorist who is insured in compliance with the Financial Responsibility Law."

(Also, see *Tindall v. Farmers Automobile Management Corp.* (1967), 83 Ill. App. 2d 165, 226 N.E.2d 397; *Ullman v. Wolverine Insurance Co.* (1969), 105 Ill. App. 2d 408, 244 N.E.2d 827.) However, the uninsured motorist clause in plaintiff's insurance policy affords precisely the same protection to the insured as section 143a. What we must resolve is whether an insured must first file a claim under the uninsured motorist provisions of his insurance policy, or proceed against the Fund.

We believe the answer is set forth in section 546 of the Insurance Code (Ill. Rev. Stat. 1975, ch. 73, par. 1065.96), which states:

> "(a) Any claimant having a claim against his company under any provision in his insurance policy which is also a covered claim shall be required to exhaust first his right under such policy. Any amount payable on a covered claim under this Article shall be reduced by the amount of such recovery under the claimant's insurance policy."

This language makes it clear that an insured must first proceed under any rights conferred by his insurance policy. *Lucas v. Illinois Insurance Guaranty Fund* (1977), 52 Ill. App. 3d 237, 367 N.E.2d 469.

Requiring plaintiff to proceed first against the Fund would be contrary to the intent of the legislature. Plaintiff is paying a premium, a portion of which buys the uninsured motorist coverage. Defendant cannot accept this money and then attempt to limit its liability by arguing that plaintiff should make a claim under the Fund rather than her insurance policy. (This rationale is equally applicable to negate defendant's alternative argument that plaintiff exhausted her rights under her policy when she merely filed her claim under the policy and defendant refused it.)

Finally, the existence of the Fund does not make Mr. Boone an "insured" motorist as defendant contends. The very terms of plaintiff's insurance policy assure this conclusion by defining "uninsured automobile" as:

> "(c) an automobile with respect to which there is a bodily injury liability insurance policy applicable at the time of the accident but the company writing the same is or becomes insolvent subsequent to the date of the accident."

This definition exactly describes Mr. Boone's situation. In fact, the supreme court has held that one whose insurance company becomes insolvent is an "uninsured motorist." *Kaszeski v. Fidelity & Casualty Co.* (1973), 54 Ill. 2d 241, 296 N.E.2d 743.

Therefore, for the foregoing reasons the judgment of the circuit court of Cook County is reversed and the cause is remanded with directions that the parties proceed to arbitration.

Judgment reversed; cause remanded with directions.

GOLDBERG, P. J., and O'CONNOR, J., concur.