464 A.2d 469

Howard G. HENNINGER and Oleta V. Henninger, his wife

v.

Clarence S. RILEY.

Appeal of Clarence S. RILEY and The Pennsylvania Insurance Guaranty Association.

Superior Court of Pennsylvania.

Argued Sept. 10, 1981.

Filed Aug. 12, 1983.

Petition for Allowance of Appeal Denied Feb. 8, 1984.

Joseph M. Hankins, Philadelphia, for appellants.

F. Lee Shipman, Harrisburg, for appellees.

Before HESTER, McEWEN and SHERTZ, JJ.

McEWEN, Judge:

This appeal has been taken by Clarence S. Riley, the defendant in a trespass action and an insured of an insolvent insurance company, and by The Pennsylvania Insurance Guaranty Association from an Order of the Common Pleas Court that entered judgment in favor of the plaintiffs and against the Association in the amount of $10,000.00,

pursuant to an interpretation by the court of certain provisions of The Pennsylvania Insurance Guaranty Association Act. We reverse.

Appellees initiated an action in trespass against Clarence S. Riley as a result of a collision between their vehicles. Appellees at all pertinent times maintained with United States Fidelity & Guarantee Insurance Company (USF&G) a policy of automobile insurance that included uninsured motorist coverage. Mr. Riley was at the time of the accident insured by the Summit Insurance Company of New York under a policy with a liability limit of $10,000.00. The Summit Insurance Company thereafter became insolvent and, as a result, The Pennsylvania Insurance Guaranty Association, pursuant to the provisions of The Pennsylvania Insurance Guaranty Association Act, represented the interests of Mr. Riley. Counsel for the parties to the action in trespass agreed to the entry of a verdict in the amount of $10,000.00 in favor of the plaintiffs and against the Pennsylvania Insurance Guaranty Association in the stead of Clarence S. Riley, pursuant to an understanding that the Association would undertake to secure appellate review of the following question:

> If a plaintiff fails to make a claim against his own insurer for uninsured motorist benefits based on the insolvency of defendant's motor vehicle liability insurer, is not plaintiff barred from pursuing a claim against the individual defendant and The Pennsylvania Guaranty Association Act because of plaintiff's failure to exhaust his rights as required by § 503(a) of The Pennsylvania Insurance Guaranty Association Act, 40 P.S. § 1701.503(a)?

The Pennsylvania Insurance Guaranty Association Act[1] (the Act) created The Pennsylvania Insurance Guaranty Association (the Association) for the purpose, *inter alia*,[2] of enabling claimants or policyholders to avoid financial loss as a result of the insolvency of an insurer, and directed that the Association, upon the insolvency of an insurer, be

1. 40 P.S. § 1701.101 *et seq.*

2. 40 P.S. § 1701.102.

"deemed the insurer to the extent of its obligation on the covered claims and to such extent shall have all rights, duties and obligations of the insolvent insurer as if that insurer had not become insolvent." [3] The obligation of the Association is restricted to a "covered claim" which is defined as:

> [A]n unpaid claim ... which arises under a property and casualty insurance policy of an insolvent insurer ....[4]

Appellants rely for their assertion that appellees are barred from pursuing this claim against them upon the failure of appellees to have complied with subsection 503(a) [5] of the Act which, appellants assert, requires appellees to have first made a claim against their insurer, USF&G, for uninsured motorist benefits based on the insolvency of Summit Insurance Company. That subsection, which is the focal point of this appeal, provides:

## § 1701.503 NON–DUPLICATION OF RECOVERY

(a) Any person having a claim against an insurer under any provision in an insurance policy other than a policy of an insolvent insurer which is also a covered claim, shall first be required to exhaust his right under such policy. Any amount payable on a covered claim under this act shall be reduced by the amount of any recovery under such insurance policy.

■ Counsel for the parties have agreed that the contract of insurance between appellees and USF&G contained uninsured motorist protection which, under the applicable provision of the Pennsylvania Uninsured Motorist Statute, 40 P.S. § 2000(b), includes the following coverage:

## § 2000. Motorists uninsured, insurance protection

(b) For the purpose of this coverage the term "uninsured motor vehicle" shall be deemed to include an insured motor vehicle where the liability insurer thereof is unable to make payment with respect to the legal liability

3. 40 P.S. § 1701.201(b)(1)(ii).

4. 40 P.S. § 1701.103(5)(a).

5. 40 P.S. § 1701.503(a).

of its insured within the limits specified therein because of insolvency.

It would seem to follow, therefore, that when Summit became insolvent, the automobile of Mr. Riley became an "uninsured motor vehicle", triggering the right of the plaintiffs to recover from USF&G under the uninsured motorist coverage of their policy with that carrier.

 While the distinguished President Judge Dale F. Shugart provides a quite persuasive expression of view in support of the conclusion that Mr. Riley was not an uninsured motorist because the Association became his insurer, we cannot accept that rationale. First, the existence of the Association does not make Mr. Riley an "insured" motorist since, as we have noted, the very terms of the appellees' policy establish that the car of Mr. Riley was an "uninsured motor vehicle". Second, the Act itself explicitly declares that the Association does not stand in the stead of the insolvent insurer until:

1. The claim in question is determined to be a "covered claim". (40 P.S. § 1701.201, as that term is defined by 40 P.S. § 1701.103(5)).

2. The extent of the obligation of the Association on the covered claim is determined. (40 P.S. § 1701.201).

3. The claimant has exhausted his rights against his insurer under any provision in an insurance policy he maintains. (40 P.S. § 1701.503(a)).

First, the claim of appellees against the Association certainly meets the definition of a "covered claim" since it is a claim that remains unpaid by reason of the insolvency of an insurance carrier. Second, the extent of its obligation in this case has been determined, namely, the full amount of the covered claim [6], since the claim of appellees by reason of the judgment in their favor in the amount of $10,000.00 does not exceed the limit of the liability under the policy between Summit, the insolvent insurer, and Mr. Riley.

---

6. Since the Act (40 P.S. 1701.201(b)(1)(i)), states the obligation of the Association shall only be that amount of the covered claim between $100.00 and $300,000.00, the claim of appellees is subject to the deductible amount of $100.00.

Third, this court has already, in the fine opinion of our distinguished colleague, Judge Edmund B. Spaeth, expressed approval of the rationale that precludes any recovery by a claimant under the Act unless the rights of a claimant under his own uninsured motorist coverage have first been exhausted under § 503(a) of the Act. *Sands v. Pennsylvania Insurance Guaranty Association*, 283 Pa. Super. 217, 423 A.2d 1224 (1980). *See also King v. Jordan*, 601 P.2d 273 (Alaska 1979); *Spearman v. State Security Insurance Company*, 57 Ill.App.3d 393, 14 Ill.Dec. 729, 372 N.E.2d 1008 (1978); *Vokey v. Massachusetts Insurers Insolvency Fund*, 381 Mass. 386, 409 N.E.2d 783 (Mass.1980). *Accord State Farm Mut. Auto. Liab. Ins. Co. v. Kiser*, 168 N.J.Super. 230, 402 A.2d 952 (1979).[7]

 We, therefore, hold that § 503(a) of the Act requires that appellees first exhaust their rights under the uninsured motorist coverage afforded by their policy with

7. Nor may it be said that *Hickerson v. Protective National Insurance Company*, 383 So.2d 377 (La.1980), represents a contrary holding. The Pennsylvania Uninsured Motorist Statute specifically denies to an insurance carrier which has provided for a payment under its uninsured motorist coverage any right of recovery against the insured of the insolvent carrier:

> (d) In the event of payment to any person under the coverage required by this section, the insurer making such payment shall, to the extent thereof, be entitled to the proceeds of any settlement or judgment resulting from the exercise of any rights of recovery of such person against any person or organization legally responsible for the bodily injury for which such payment is made, including the proceeds recoverable from the assets of the insolvent insurer. *Whenever an insurer shall make payment under the coverage required by this section, which payment is occasioned by an insolvency, such insurer's right of recovery or reimbursement shall not include any rights against the insured of said insolvent insurer*, but such paying insurer shall have the right to proceed directly against the insolvent insurer or its receiver, and in pursuance of such right such paying insurer shall possess any rights which the insured of the insolvent insurer had personally made the payment. 40 P.S. § 2000(d). (emphasis supplied).

While the Louisiana equivalent of the Pennsylvania Insurance Guaranty Association Act and the Pennsylvania Act itself are both reflections of the Model Bill, an insurer which had in Louisiana provided for payment under its uninsured motorist coverage was not precluded by Louisiana law from a subrogation right of recovery from the insured of the insolvent carrier. The lack of such a prohibition

USF&G before proceeding against the Association since such an effort must precede the creation of any obligation by the Association to serve as the insurer. We have already noted:

That appellees have uninsured motorist coverage under their policy with USF&G.

The rights of appellees under their uninsured motorist coverage with USF&G accrued when the liability insurer, Summit, of the insured motor vehicle, the Riley automobile, became unable by reason of insolvency to provide for payment of the sum for which its insured was liable. The claim of appellees is "also a covered claim" as the term "covered claim" is defined by the Act.

It seems, therefore, indisputable that (1) the non-duplication provisions of § 503(a) of the Act are applicable, (2) appellees were subject to the exhaustion requirements of that section and (3) the failure of appellees to enforce their claim for uninsured motorist benefits under their policy with USF&G precludes their recovery under the Act.

Appellants also assert that if the claim of appellees in the amount of $10,000 against the Association is valid, then the non-duplication statute requires that the workmens' compensation benefits received by the husband-appellee must be credited against the judgment. We need not, in view of our holding, consider or discuss this issue although it would seem that there is no merit to the argument of appellant that the Association would be entitled to such a reduction. *See Bullock v. Pariser,* 311 Pa.Super. 487, 457 A.2d 1287 (1983); *Sands v. Pennsylvania Insurance Guaranty Association, supra.*

Judgment in favor of appellees reversed. Judgment to be entered in favor of Clarence S. Riley and The Pennsylvania Insurance Guaranty Association.

SHERTZ, J., did not participate in the consideration or decision of this case.

appears to have been the factor that compelled the Hickerson court to its conclusion.