689 S.W.2d 32 (1985)
KENTUCKY INSURANCE GUARANTY ASSOCIATION; D.L. Curry; and Katie Curry, Appellants,
v.
STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY, Appellee.
Court of Appeals of Kentucky.
March 1, 1985.
Rehearing Denied May 3, 1985.
*33 J.D. Raine, Jr., Louisville, for appellants.
Douglas B. Taylor, Louisville, for appellee.
Before HAYES, C.J., and COOPER and GUDGEL, JJ.
GUDGEL, Judge:
This is an appeal from a judgment entered by the Jefferson Circuit Court. The court adjudged that appellee, State Farm Mutual Automobile Insurance Company (State Farm), is not liable to its insureds on a liability insurance policy providing uninsured motorist coverage. Appellants contend the court erred by finding that State Farm is not liable on the policy. We agree. Hence, we reverse.
On January 22, 1979, Donald and Vickie Clark, who are insured under a liability insurance policy issued by State Farm, were involved in a collision with appellant, D.L. Curry. At the time the Clarks were *34 operating a vehicle owned by them and Curry was operating a vehicle owned by his wife. Subsequently, the Clarks filed a personal injury action against the Currys. As of the date of the collision, the Currys were insured under a liability insurance policy issued by Kenilworth Insurance Company. In April 1982, however, Kenilworth was adjudged to be insolvent by an Illinois court.
Due to Kenilworth's insolvency, the Clarks' pending action against the Currys came within the ambit of the Kentucky Insurance Guaranty Association Act. Under the provisions of the act, the association is required to pay to the limits specified in the statute any unpaid claim the Clarks may have against Kenilworth arising out of a successful prosecution of the action against the Currys. KRS 304.36-050(3); KRS 304.36-080. However, since KRS 304.36-120(1) provides that persons having a claim against the association must exhaust any claim they have against their own insurer first, the association demanded that the Clarks proceed against their own insurer, appellee State Farm, to recover the limits of uninsured motorist coverage provided by their own policy before they pursued any claim against it. State Farm, however, denied that it was liable to provide the Clarks uninsured motorist coverage because Kenilworth's insolvency did not occur within one year of the collision. The company cited the provisions of KRS 304.20-020(3) to support its position. After considering the matter, the trial court granted a summary judgment in favor of State Farm. This appeal followed.
The policy issued by State Farm defines an uninsured motor vehicle in part as follows:
(1) A land motor vehicle . . . with respect to which there is a bodily injury liability bond or insurance policy applicable at the time of the accident but the company writing the same denies that there is any coverage thereunder or is or becomes insolvent.
KRS 304.20-020(3) provides as follows:
(3) Protection against an insurer's insolvency shall be applicable only to accidents occurring during a policy period in which its insured's uninsured motorist coverage is in effect where the liability insurer of the tortfeasor becomes insolvent within one (1) year after such an accident. Nothing herein contained shall be construed to prevent any insurer from affording insolvency protection under terms and conditions more favorable to its insureds than is provided hereunder.
State Farm argues that KRS 304.20-020(3) was intended to limit its liability to provide uninsured motorist coverage under policies similar to the one issued in favor of the Clarks to those cases in which the tortfeasor's insurer becomes insolvent within one year of the date a covered accident occurs. It urges, therefore, that since Kenilworth's insolvency in the instant action occurred more than one year after the date the covered accident occurred it is not obligated to provide uninsured motorist coverage to the Clarks. State Farm's argument is untenable.
The appropriate starting point for our analysis is the statute itself. The public policy which motivated the legislature to enact subsection (3) of KRS 304.20-020 must be determined by analyzing KRS 304.20-020 as a whole. The legislature's intent cannot be determined by construing subsection (3) out of context. The first section of KRS 304.20-020 mandates that all automobile liability insurance policies issued in this state shall include uninsured motorist coverage providing limits of coverage as set forth in KRS 304.39-110 unless such coverage is rejected in writing by the insured. The second section of the statute provides that for purposes of such coverage an "uninsured motor vehicle" shall be deemed to include any insured motor vehicle the liability insurer of which cannot pay a legal liability due to insolvency. The third section of the statute, quoted above, provides that protection against insolvency shall include cases in which the insurer becomes insolvent within one year of the accident. However, this latter section also specifically recognizes that insurers may *35 afford insolvency protection which is more "favorable to its insureds than is provided hereunder."
This jurisdiction has adopted the view that KRS 304.20-020 was intended to establish a general outline of required uninsured motorist coverage which liability insurers must provide with the precise coverage afforded to be defined by reasonable terms and conditions included in the various insurance contracts. State Farm Mutual Automobile Insurance Company v. Christian, Ky., 555 S.W.2d 571 (1977). We are bound to utilize this principle in construing KRS 304.20-020(3). We conclude, therefore, that the one-year limitation period in KRS 304.20-020(3) was intended by the legislature to define a minimum period after an accident during which uninsured motorist coverage protecting against insolvency of a tortfeasor's insurer must be provided, rather than to define a maximum period during which such coverage may be provided. By construing the statute in this manner, we reaffirm the principle that KRS 304.20-020 was intended to provide a general outline of required minimum coverages. Moreover, our interpretation of the statute is the only one which will prevent insurers such as State Farm from drafting their policies to limit uninsured motorist coverage protecting against insolvency of another insurer to periods substantially less than one year.
Here, State Farm issued a policy in which they elected not to impose any time limitation whatever on the period during which protection against insolvency is afforded. By doing so, State Farm must be deemed to have voluntarily agreed to provide uninsured motorist coverage protecting against insolvency more favorable than the minimum coverage which is required by KRS 304.20-020(3).
State Farm's remaining contention that the Currys are not uninsured as a result of Kenilworth's insolvency is also without merit. State Farm's entire argument in this vein is premised on one section of the Kentucky Insurance Guaranty Association Act. As noted earlier, this act is intended to provide a mechanism for the payment of covered claims to avoid financial losses occasioned by the insolvency of an insurer. KRS 304.36-020. Since the parties concede that the Clarks are pursuing a "covered claim" under the act against the Currys, State Farm argues that the association pursuant to KRS 304.36-080(1)(b) has succeeded to all of Kenilworth's duties as the Currys' insurer. It urges, therefore, that the Currys are not uninsured. State Farm's argument, however, ignores the provisions of KRS 304.36-120(1) which provide as follows:
(1) Any person having a claim against his insurer under any provision in his insurance policy which is also a covered claim shall be required to exhaust first his right under such policy. Any amount payable on a covered claim under this subtitle shall be reduced by the amount of such recovery under the claimant's insurance policy.
In our opinion, KRS 304.36-120(1) is obviously intended to require insureds such as the Clarks to exhaust their right to recover sums due under the uninsured motorist coverage portion of their own liability insurance policy before they may pursue a "covered claim" against the association. Such a construction of our statute comports with the construction given substantially identical statutes by the better reasoned authorities in other jurisdictions. See, e.g., Henninger v. Riley, 317 Pa.Super. 570, 464 A.2d 469 (1983). Accordingly, we hold that KRS 304.36-120(1) precludes the association from being adjudged liable to the Clarks in the instant action until such time as they have recovered all sums due under the uninsured motorist portion of their State Farm policy.
For the reasons stated, the court's summary judgment is reversed and remanded for further proceedings consistent with the views expressed in this opinion.
All concur.