Bobby **BROUGHTON, et al., Plaintiffs,**

v.

**MANNING MOTOR EXPRESS, INC., et al., Defendants.**

**No. C–1–86–0413.**

United States District Court, S.D. Ohio, W.D.

Oct. 29, 1987.

---

1. The 20% penalty is a recent change not applicable in the instant suit.

Paul A. Nidich, Cincinnati, Ohio, for plaintiffs.

Jay R. Langenbahn, Cincinnati, Ohio, for defendants.

OPINION AND ORDER GRANTING MOTION TO DISMISS AND/OR FOR SUMMARY JUDGMENT ON BEHALF OF DEFENDANTS

SPIEGEL, District Judge:

This matter is before the Court on defendants' motion to dismiss and/or for summary judgment (doc. 15), which is unopposed by plaintiffs.

Plaintiffs bring this personal injury action against defendant Manning Motor Express, Inc., and its employee Donnie R. Alexander, for injuries Mr. Broughton sustained as a result of an accident for which defendants are liable. Mr. Broughton incurred medical expenses totalling $2,552.15 and lost wages in the amount of $10,897.92. His suit filed with this Court prays for damages in the amount of $100,000.00. Additionally, Mrs. Broughton claims $25,000.00 for loss of companionship of her husband.

 After the date of the accident, defendants' insurance carrier became insolvent. Plaintiffs' uninsured motorist carrier, Buckeye Union Insurance Company, which provided uninsured motorist coverage in the amount of $50,000.00, settled plaintiffs' claims for $23,000.00. Defendants correctly point out that plaintiffs' uninsured motorist coverage was applicable to plaintiffs' claims because defendants' insurance coverage with an insolvent carrier is treated the same as if defendants had no insurance at all. *See* Ky.Rev.Stat.Ann. § 304.36–050(4) (Baldwin 1981); *accord* Ohio Rev.Code § 3937.18(D) (Anderson Supp.1986).[1]

In deciding this motion, we note that Rule 56 (c) of the Federal Rules of Civil Procedure provides that summary judgment "shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." In considering a motion for summary judgment, the court must view the facts and all inferences to be drawn therefrom in the light most favorable to the non-moving party. *SEC v. Blavin*, 760 F.2d 706, 710 (6th Cir.1985); *Smith v. Hudson*, 600 F.2d 60, 63 (6th Cir.1979). The moving party has the burden of showing conclusively that no genuine issue of material fact exists. *Smith*, 600 F.2d at 63.

 Not every factual dispute between the parties will prevent summary judgment. The disputed facts must be material. They must be facts which, under the substantive law governing the issue, might affect the outcome of the suit. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 106 S.Ct. 2505, 2510, 91 L.Ed.2d 202 (1986). The dispute must also be genuine. The facts must be such that if they were proven at trial a reasonable jury could return a verdict for the non-moving party. *Id.* 106 S.Ct. at 2510. The disputed issue does not have to be resolved conclusively in favor of the non-moving party, but that party is required to present some significant probative evidence which makes it necessary to resolve the parties' differing versions of the dispute at trial. *First National Bank of Arizona v. Cities Service Co.*, 391 U.S. 253, 288–89, 88 S.Ct. 1575, 1592–1593, 20 L.Ed.2d 569 (1968).

 The judge's function at the point of summary judgment is limited to determining whether sufficient evidence has been presented to make the issue a proper jury question, and not to judge the evidence and make findings of fact. "[A]t the summary judgment state the judge's function is not himself to weigh the evidence and determine the truth of the matter but to determine whether there is a genuine issue for trial." *Anderson*, 106 S.Ct. at 2511.

---

1. We note that Kentucky law applies to the plaintiffs' claims because both Kentucky and Ohio statutes state that a person shall first seek recovery from an insurance guaranty association in the state of residence of the insured. Ky.Rev.Stat.Ann. § 304.36–120(2) (Baldwin 1981); Ohio Rev. Code Ann. § 3955.13(B) (Anderson 1971). Both defendants are residents of Kentucky, and thus the above quoted Kentucky statute applies. Even if the substantially similar Ohio statute applies, the conclusion is identical. Plaintiffs failed to follow the statutory requirements under Kentucky and Ohio law.

Returning to the particular facts of the case at hand, we note that by the terms of their settlement, plaintiffs seek to continue their action against defendants. Defendants argue that plaintiffs' claims against them must be dismissed because they have failed to meet the statutory prerequisites. We agree.

The statutes promulgated in the Kentucky Guaranty Association protect defendants against plaintiffs' claims because defendants' insurance carrier is insolvent. Under the statute, plaintiffs must exhaust any insurance coverage provided by solvent carriers before claiming against defendants. Thus, since plaintiffs have $50,-000.00 uninsured motorist coverage applicable to their claims, and settled for $23,-000.00, an amount less than their maximum right to compensation, we hold that they have failed to exhaust their rights under the uninsured coverage of $50,000.00, and may not proceed further against defendants because of this failure. *See* Ky.Rev. Stat.Ann. §§ 304.36–050(3) and 304.36–120(1) (Baldwin 1981); *Kentucky Guaranty Association v. State Farm Mutual Automobile Insurance Company,* 689 S.W.2d 32, 35 (Ky.1985).

Defendants correctly point out that the purpose of both the Kentucky and Ohio Insurance Guaranty Associations is to provide a mechanism to avoid financial loss to claimants or policy holders because of insolvency of an insurer, as the law provides financial protection to defendants to the extent of coverage limits they would have had with the insolvent carrier, which are in excess of plaintiffs' claims stated in the complaint. Thus, since plaintiffs settled amount is less than the total amount of coverage under their uninsured motorist coverage, they did not comply with the applicable statute. Ky.Rev.Stat.Ann. § 304.36–120(1) (Baldwin 1981); *accord* Ohio Rev. Code Ann. § 3955.13 (A) (Anderson 1971).

Furthermore, pursuant to Rule 4.0.2 of the Local Rules of the United States District Court for the Southern District of Ohio, the failure to oppose a motion may be grounds for the granting of same. Inasmuch as plaintiffs have not opposed defendants' motion to dismiss and/or for summary judgment, they must agree with same.

Accordingly, summary judgment is hereby GRANTED, there being no genuine issue of material fact to be decided in this case, and defendants are entitled to judgment as a matter of law.

IT IS SO ORDERED.