MOISE PIERRE, Plaintiff-Appellee, v. EDDIE DAVIS *et al.*, d/b/a Gladys Restaurant and Lounge, Defendants-Appellants.

First District (2nd Division)   No. 86—2778

Opinion filed December 29, 1987.—Rehearing denied January 26, 1988.

Hugh C. Griffin, Don W. Fowler, and Sandra S. Yamate, all of Lord, Bissell & Brook, of Chicago, for appellants.

Richard J. Grossman and Jeffrey M. Brown, both of Steinberg, Burtker & Grossman, Ltd., of Chicago, for appellee.

JUSTICE BILANDIC delivered the opinion of the court:

This appeal involves issues concerning the interpretation and enforcement of the Illinois Insurance Guaranty Fund (Fund). Ill. Rev. Stat. 1985, ch. 73, par. 1065.82 *et seq.*

Plaintiff was employed by the Joseph Triner Corporation. On January 12, 1982, plaintiff was injured in the course of his employment while making a delivery to the defendant restaurant. Triner was insured for worker's compensation coverage by the U.S. Insurance Group. Plaintiff received $6,983.56 in worker's compensation benefits

from U.S. Insurance Group.

On June 20, 1983, plaintiff filed this third-party action against the defendant, charging negligence. Thereafter, an intervening petition was filed by plaintiff's employer "for the use of U.S. Insurance Group" to recover the $6,983.56 it paid to the plaintiff based on its lien under the Workers' Compensation Act (Ill. Rev. Stat. 1985, ch. 48, par. 138.1 *et seq.*).

At the time plaintiff filed suit, defendant restaurant was insured against general liability claims under a policy issued by Kent Insurance Company. Thereafter, Kent Insurance became insolvent and the defense against plaintiff's claim was undertaken by the Illinois Insurance Guaranty Fund. Ill. Rev. Stat. 1985, ch. 73, par. 1065.82 *et seq.*

After a jury verdict, judgment was entered in favor of the plaintiff and against the defendant restaurant in the sum $6,000 plus costs of $141.60.

Defendant filed a post-trial motion wherein it urged that the judgment be deemed satisfied under the "covered claim" and "non-duplication of recovery" provisions of the Illinois Insurance Guaranty Fund. Defendant contends that the Fund prevents plaintiff from recovering the judgment because the entire judgment would be due from the fund to U.S. Insurance Group for the $6,986.56 worker's compensation payment it made to plaintiff. The trial court denied defendant's motion and this appeal followed.

■■ ■ The Illinois Insurance Guaranty Fund is a not-for-profit association created by the Illinois legislature to limit the impact on the public, "claimants and policyholders," of losses arising out of insurer insolvencies. (*Lucas v. Illinois Insurance Guaranty Fund* (1977), 52 Ill. App. 3d 237, 239, 367 N.E.2d 469, *later appeal* (1978), 67 Ill. App. 3d 398, 384 N.E.2d 938.) The Fund limits its obligations only to those claims falling within the statutory definition of a "covered claim." (Ill. Rev. Stat. 1985, ch. 73, par. 1065.84—3.) Since all Illinois licensed insurers contribute to the Illinois Guaranty Fund, the philosophy of the Fund is to have all potential claims against the Fund's assets reduced by a solvent insurer, not the fund, wherever possible. Ill. Rev. Stat. 1985, ch. 73, par. 1065.96.

The "Covered claim" provisions provide in pertinent part:

"(b) 'Covered claim' does not include:

***

(ii) any claim for any amount due any *** insurer *** as subrogated recoveries or otherwise. No such claim held by a[n] *** insurer ***, based on subrogation rights, may be asserted in any legal action against a person insured under a policy is-

sued by an insolvent company other than to the extent such claim exceeds the Fund obligation limitations set forth in section 537.2 of this Code." Ill. Rev. Stat. 1985, ch. 73, par 1065.84—3.

It is clear that the legislature did not want the assets of the Fund depleted to reimburse solvent insurance companies for payments made to claimants or their insured under policies for which they received a premium. It is also clear that the legislature intended to protect individual insureds of the insolvent company from claims for reimbursement by the solvent insured. Therefore, it would counteract the purposes of the Fund to allow a solvent insurer to be reimbursed by proceeds from the Fund.

█ In the case at bar, U.S. Insurance Group has a lien on the plaintiff's judgment for the entire $6,983.56 worker's compensation payment it made to the plaintiff. Because of this lien, the entire $6,141.60 judgment entered against defendant is an amount due an insurer as subrogated recovery or otherwise. (Ill. Rev. Stat. 1985, ch. 73, par. 1065.84—3.) Not only is plaintiff precluded from recovering the judgment from the Illinois Insurance Guaranty Fund, under the facts of this case he cannot assert a claim for such judgment against the insured defendant since it is the "person insured" under a policy issued by an insolvent company.

However, if the judgment against the defendant exceeded the amount of the worker's compensation lien of $6,983.56, the plaintiff would be entitled to recover the excess from the defendant or the Fund. For example, if the judgment against the defendant was $50,000 and the worker's compensation lien was $7,000, section 534.3(b)(ii) would only preclude the plaintiff or the worker's compensation insurer from asserting any claim for the first $7,000 of the judgment since that amount would be an "amount due an insurer" under the statute. (Ill. Rev. Stat. 1985, ch. 73, par. 1065.84—3.) The plaintiff (the injured worker) would be entitled to recover the balance from the defendant or the Fund. In addition, although the Illinois Insurance Guaranty Fund act does prohibit any insurer from recovering any benefits from the defendant insured by an insolvent company or from the Guaranty Fund, the subrogating insurer still has the same rights against the estate of the insolvent insurer as it would have without the Guaranty Fund act.

Therefore, the order of the trial court denying defendant's posttrial motion is reversed and the judgment against defendant is declared satisfied as a matter of law.

It is not necessary to address defendant's remaining argument on

762

appeal regarding the "non-duplication of recovery" provision of the Fund. Ill. Rev. Stat. 1985, ch. 73, par. 1065.96.

Reversed.

SCARIANO, P.J., and HARTMAN, J., concur.