653 N.E.2d 856 (1995)
274 Ill.App.3d 671
210 Ill.Dec. 661
ILLINOIS INSURANCE GUARANTY FUND, Plaintiff-Appellee,
v.
FARMLAND MUTUAL INSURANCE COMPANY, Defendant-Appellant.
No. 1-94-2006.
Appellate Court of Illinois, First District, Fourth Division.
July 13, 1995.
Stephen E. Sward of Rooks, Pitts and Poust, Chicago, for appellant.
Lord, Bissell & Brook, Chicago, for appellee (Don Fowler, Hugh C. Griffin, Robbie D. Schwartz and Stephanie Burris, of counsel).
Justice CAHILL delivered the opinion of the court:
We review a complex but undisputed set of facts that ultimately brought the Illinois Insurance Guaranty Fund and the Farmland Mutual Insurance Company before the trial court to resolve a question of law: Can the phrase "other collectible insurance" in an Illinois policy include the resources of the Guaranty Fund? The trial court answered no. We affirm.
This litigation arose when the Fund sought a declaratory judgment that Farmland was obligated to defend and indemnify certain defendants in underlying litigation. Farmland counterclaimed and asked for a declaration that the Fund was obligated to defend and indemnify because the Fund assumed the obligations of a now insolvent primary insurer. The Fund and Farmland then filed cross motions for summary judgment. The trial court granted summary judgment for the Fund. Farmland appealed.
Donald Hileman was involved in a car collision on November 6, 1990. He was employed by S & S Transportation and was driving a car in the course of his employment. Shields Soil Service owned the car. It gave permission to Hileman, as an employee of S & S Transportation, to drive it.
*857 The driver of the other car filed a personal injury action against Hileman and S & S Transportation. Edison Insurance Company insured S & S Transportation and its employees for $1 million for bodily injury and property damage. Farmland Mutual Insurance Company insured Shields Soil Service as a named insured and S & S Transportation and Hileman, when permissive users of the car, as additional insureds, also for $1 million.
Edison became insolvent. The Illinois Insurance Guaranty Fund assumed Edison's obligations under the Illinois Insurance Guaranty Fund Act (215 ILCS 5/532 et seq. (West 1992)).
With Edison insolvent, S & S Transportation and Hileman tendered their defense to Farmland, but Farmland refused. The Fund then sought a declaration in the circuit court that Farmland must defend and indemnify S & S Transportation and Hileman under the non-duplication of recovery provision of the Act. (215 ILCS 5/546 (West 1992).) That section reads in part:
"Non-duplication of recovery, (a) Any insured or claimant having a covered claim against the Fund shall be required first to exhaust his rights under any provision in any other insurance policy which may be applicable to the claim." (215 ILCS 5/546 (West 1992).)
Farmland's counterclaim sought a declaration that the Fund must defend and indemnify under the "other insurance" clause in Farmland's policy. That clause reads:
"Other insurance
(1) For any covered auto you own, this coverage section provides primary insurance. For any covered auto you don't own, the insurance provided by this coverage section is excess over any other collectible insurance."
The second sentence of this clause applies to Farmland's coverage of Hileman and S & S Transportation because they did not own the insured car.
Farmland maintains that Fund resources are "other collectible insurance" under the Farmland policy. Farmland concludes that because its coverage is "excess" in relation to the insolvent insurer, Farmland stands in the same relationship with the Fund. Farmland relies on section 537.4 of the Act to support the argument that the Fund must "step into the shoes" of the insolvent insurer to provide primary coverage. Section 537.4 reads:
"The Fund shall be deemed the insolvent company to the extent of its obligation for covered claims and to such extent shall have all rights, duties, and obligations of the insolvent company, subject to the limitations provided in this Article, as if the company had not become insolvent * * *." 215 ILCS 5/537.4 (West 1992).
We believe Farmland's readings of its policy language and the Act are contrary to the intent of the legislature in creating the Fund and the law in Illinois holding that the Fund is a source of last resort (See Urban v. Loham (1992), 227 Ill.App.3d 772, 776, 169 Ill.Dec. 805, 592 N.E.2d 292).
The legislative intent set out in the Act was to create:
"* * * a mechanism for the payment of covered claims under certain insurance policies, to avoid excessive delay in payment, to avoid financial loss to claimants or policyholders because of the entry of an Order of Liquidation against an insolvent company, and to provide a Fund to assess the cost of such protection among member companies." (215 ILCS 5/532 (West 1992).)
We commented upon this intent in Harrell v. Reliable Insurance Co. (1994), 258 Ill.App.3d 728, 197 Ill.Dec. 293, 631 N.E.2d 296: "Insurance associations such as the Fund are created for the purpose of providing a limited form of protection to the public and not to insurance companies." Harrell, 258 Ill. App.3d at 731, 197 Ill.Dec. 293, 631 N.E.2d 296, citing Ross v. Canadian Indemnity Insurance Co. (1983), 142 Cal.App.3d 396, 404-05, 191 Cal.Rptr. 99, 103-04.
In Harrell, two insurance companies, Reliable and Safeway, provided $15,000 of uninsured motorist coverage to the injured driver. Reliable became insolvent, and the Fund stepped in. Safeway argued that the existence of the Fund triggered the "other insurance *858 clause" in Safeway's policy, requiring a pro rata allocation of the loss "if the insured has other similar insurance available to him and applicable to the accident." Safeway argued that the Fund was "other similar insurance" making the Fund liable for half of the $15,000 uninsured motorist claim. This court disagreed and held that Safeway must provide the full amount of coverage under its policy. (Harrell, 258 Ill.App.3d at 731, 197 Ill.Dec. 293, 631 N.E.2d 296.) The court ruled that potential claims against Fund assets must be reduced whenever possible by a solvent insurer, not the Fund. Harrell, 258 Ill.App.3d at 731, 197 Ill.Dec. 293, 631 N.E.2d 296, citing Pierre v. Davis (1988), 165 Ill. App.3d 759, 760, 117 Ill.Dec. 392, 520 N.E.2d 743.
Although the Fund "shall be deemed the insolvent company," its role is "subject to the limitations" of the Act. Those limitations include a $300,000 limit on the Fund's liability regardless of the insolvent insurer's policy limit (215 ILCS 5/537.2 (West 1992)) and a precise definition of "covered claim" under section 534.3:
"(a) `Covered claim' means an unpaid claim for a loss arising out of and within the coverage of an insurance policy to which this Article applies * * *.
(b) `Covered claim' does not include * * *
(v) any claim for any amount due any reinsurer, insurer * * * as subrogated recoveries, reinsurance coverables, contribution, indemnification or otherwise. No such claim held by an reinsurer, insurer * * * may be asserted in any legal action against a person insured under a policy issued by an insolvent company other than to the extent such claim exceeds the fund obligation limitations set forth in Section 537.2 of this Code." (215 ILCS 5/534.3 (West 1992).)
We have interpreted this section as well:
"It is clear that the legislature did not want the assets of the Fund depleted to reimburse solvent insurance companies for payments made to claimants or their insured under policies for which they received a premium. It is also clear that the legislature intended to protect individual insureds of the insolvent company from claims for reimbursement by the solvent insured. Therefore, it would counteract the purposes of the Fund to allow a solvent insurer to be reimbursed by proceeds from the Fund." (Pierre v. Davis (1988), 165 Ill.App.3d at 761, 117 Ill.Dec. 392, 520 N.E.2d 743.)
The non-duplication of recovery clause is another limitation on the Fund's liability. The clause requires injured persons to exhaust their rights under "any other available insurance" before they can recover from the Fund. 215 ILCS 5/546 (West 1992).
We believe the Fund need not defend nor indemnify S & S Transportation and Hileman unless the limits of insurance provided by Farmland are exhausted. The "other insurance" clause in Farmland's policy states that where the claim involves a permissive user, the Farmland policy is excess to "any other collectible insurance." We hold that the Fund is not a source of "collectible insurance" under Illinois statutory and case law.
Affirmed.
THEIS and SHEILA M. O'BRIEN, JJ., concur.