KIMBERLY TRALMER, Plaintiff-Appellant, v. SOZTNEPS, INC., Indiv. and d/b/a Hob Knob Restaurant, *et al.*, Defendants-Appellees (Pamela K. Loeb *et al.*, Defendants).

Second District    No. 2—96—0066

Opinion filed September 16, 1996.—Rehearing denied October 15, 1996.

Paul R. Borth, of Law Offices of Patrick A. Salvi, P.C., of Waukegan, for appellant.

Hugh C. Griffin and Leslie J. Rosen, both of Lord, Bissell & Brook, of Chicago, for appellees.

JUSTICE INGLIS delivered the opinion of the court:

Plaintiff, Kimberly Tralmer, appeals from the judgment of the circuit court of Lake County granting summary judgment in favor of defendants Soztneps, Inc. (Hob Knob), and Palatine Investment Corporation (Vertigo) (defendants, collectively).

On November 28, 1993, plaintiff was injured when the car she

was driving collided with a car operated by defendant Pamela Loeb. Plaintiff sued Loeb, alleging that Loeb was intoxicated at the time of the accident and that her negligence caused the accident. Additionally, plaintiff sued defendants Hob Knob and Vertigo, alleging that defendants were liable for serving liquor to Loeb under the Illinois Dramshop Act. 235 ILCS 5/6—21 (West 1992). On March 18, 1994, defendants' insurance carrier, River Forest Insurance Company, was placed in liquidation. As a result of River Forest's insolvency, the Illinois Insurance Guaranty Fund (Fund) became obligated by law to defend Hob Knob and Vertigo. 215 ILCS 5/532 *et seq.* (West 1992). The Fund's payment obligation is subject to the limitation contained under section 546(a) of the Insurance Code (Code) (215 ILCS 5/546(a) (West 1992)), and the setoff limitations of the Dramshop Act, which limits recovery to $30,000.

In December 1994 plaintiff settled her suit against Loeb for $100,000, the liability limit under Loeb's automobile insurance policy with State Farm Insurance Company. The agreement discharged Loeb from liability and contribution to any other tort-feasor. The cause of action against defendants continued.

Subsequently, Hob Knob and Vertigo each filed motions for summary judgment on the ground that the nonduplication of recovery provision under section 546(a) of the Code and section 6—21 of the Dramshop Act relating to setoff recovery relieved them of liability. The trial court found that the nonduplication of recovery provision applied and directed that the maximum $30,000 which plaintiff could recover from the Fund should be reduced by the $100,000 plaintiff had previously received from Loeb under her insurance policy. The trial court concluded that plaintiff could never obtain any additional recovery from defendants and, therefore, summary judgment was appropriate. This timely appeal followed.

Plaintiff contends that the trial court erred in granting summary judgment for several reasons: (1) because there are separate claims and risks, the nonduplication of recovery provision is not applicable; (2) even if the provision applies, setoff of recovery should not occur until damages are ascertained; (3) regardless of whether the Fund contributes, plaintiff can still pursue her claims against defendants; and (4) once plaintiff settles with an inebriated tort-feasor, the statutory damages cap of the Dramshop Act does not dictate that plaintiff's litigation has ended.

Plaintiff first asserts that pursuant to section 546(a) her recovery of $100,000 from Loeb's insurance carrier does not reduce the Fund's obligation to plaintiff. Plaintiff insists that her claims against the Fund are independent of any claims previously pursued against Loeb

and her insurer. Plaintiff argues that the language of section 546(a) is clear and unambiguous in declaring that the relief for any claimant having a covered claim against the Fund is limited to making a claim first with any other solvent insurer covering the *same* claim.

■ The nonduplication of recovery provision which is in dispute provides in pertinent part:

> "Any insured or claimant having a covered claim against the Fund shall be required first to exhaust his rights under any provision in any other insurance policy which may be applicable to the claim. Any amount payable on a covered claim under this Article shall be reduced by the amount of such recovery under such insurance policy." 215 ILCS 5/546(a) (West 1992).

We have found no case construing section 546(a) in the present situation, where the solvent insurer covers a claim for negligence and the insolvent insurer covers a statutory dramshop claim. Typically, section 546(a) has been applied where both the solvent and insolvent insurance carriers cover the same type of claim. See, *e.g.*, *Urban v. Loham*, 227 Ill. App. 3d 772 (1992).

■ There is no question that in this case the statutory dramshop claim is a separate claim from the negligence claim against the driver, Loeb. Each claim derives from different risks: one under statute, the other from common law. Moreover, the Dramshop Act provides the only remedy against defendants. See *Stevens v. Lou's Lemon Tree, Ltd.*, 187 Ill. App. 3d 458 (1989). Dramshop defendants are not considered to be concurring or joint tort-feasors with an inebriated driver. *Hopkins v. Powers*, 113 Ill. 2d 206 (1986). We must therefore examine whether the language of section 546(a) restricts duplication of recovery where there are separate claims involved.

The primary rule of statutory construction is to give effect to the intent of the legislature. *Urban*, 227 Ill. App. 3d at 775. A court should look to the language of the statute and additionally consider the purposes to be achieved by the law. *In re Estate of Callahan*, 144 Ill. 2d 32, 43 (1991).

■ The Fund was devised to fill a void in insurance coverage when an Illinois insurance company that otherwise would be responsible for coverage becomes insolvent. *Lucas v. Illinois Insurance Guaranty Fund*, 52 Ill. App. 3d 237, 239-40 (1977). Although the Fund is intended to be a "source of last resort" in the event of insolvency (*Urban*, 227 Ill. App. 3d at 777), the legislative intent is to bar double recovery by both a claimant and the Fund (*Lonigro v. Lockett*, 253 Ill. App. 3d 308, 318-19 (1993)).

■ We have carefully reviewed the language of section 546(a) and find it to be unambiguous. The plain language of the provision clearly

mandates that recovery from the Fund is reduced by the amount that is received from another insurance policy that covers the same claim. In the present case, the only insurance policies which "may be applicable" to plaintiff's statutory dramshop claim against defendants are those now held by the Fund. Loeb's automobile policy does not provide coverage for plaintiff's dramshop claim. Thus, we find that the Fund remains responsible, subject to statutory limitations, to provide coverage for plaintiff's dramshop claim.

In reaching this conclusion, we reject defendants' contention that this court should be persuaded by dispositive authority from other jurisdictions. Defendants cite *Zhou v. Jennifer Mall Restaurant, Inc.*, No. 84—CA—5771 (D.C. Super. Ct. August 10, 1994); *Oglesby v. Liberty Mutual Insurance Co.*, 832 P.2d 834 (Okla. 1992); *Rinehart v. Hartford Casualty Insurance Co.*, 91 N.C. App. 368, 371 S.E.2d 788 (1988); *California Insurance Guarantee Ass'n v. Liemsakul*, 193 Cal. App. 3d 433, 238 Cal. Rptr. 346 (1987); and *Stagg v. Strauss*, 647 So. 2d 621 (La. App. 1994). These cases are neither helpful nor binding in this case. The cases are different from the present case in one major respect: the corresponding statutes, although similar, use different language than our statute. None of the other statutes contain the language, "which may be applicable to the claim." Moreover, after thoroughly researching this issue, we have not found any provision from other jurisdictions which contains the language used in section 546(a).

Defendants argue that, because all insurers must contribute to the Fund, it is the philosophy of the Fund to have *all* potential claims against the Fund's assets reduced by a solvent insurer whenever possible. *Pierre v. Davis*, 165 Ill. App. 3d 759, 760 (1987). If the legislature had intended to follow the result urged by defendants in this case, it would have deleted the phrase, "which may be applicable to the claim." This it did not do, and we cannot now assume the role of the legislature.

■ Because we find that the nonduplication of recovery provision does not apply and that the Fund is responsible for coverage of the dramshop claim, there remains a question concerning the amount of damages. Based on the record, we cannot conclude that the actual damages sustained by plaintiff were less than $100,000, between $100,000 and $130,000, or more than $130,000. "[T]he proper procedure is [for the fact finder] to assess the total damages, without reference to any amounts already received, and then reduce the verdict by such amounts. The difference, of course, would be subject to the maximum limits provided in the [Dramshop] Act." *Kurth v. Amee, Inc.*, 3 Ill. App. 3d 506, 510 (1972); *Patton v. D. Rhodes, Ltd.*, 166 Ill.

682

App. 3d 809, 811-12 (1988). Accordingly, because the nonduplication of recovery provision does not apply and there remains a material fact as to the amount of damages, summary judgment was improper. We need not consider plaintiff's remaining contentions because of the disposition of this issue. We therefore reverse and remand this cause.

The judgment of the circuit court of Lake County granting summary judgment to defendants is reversed and the cause is remanded.

Reversed and remanded.

McLAREN, P.J., and THOMAS, J., concur.