GLENDA KURTH, Plaintiff (LETHA J. WATSON, Plaintiff-Appellant), *v.* AMEE, INC. *et al.*, Defendants-Appellees.

(No. 71-67; )

Second District—January 31, 1972.

Tuite, Morrissey & Gesmer and Joseph A. Morrissey, both of Rockford, for appellant.

Gilbert, Powers & Graves, of Rockford, for appellees.

Mr. JUSTICE ABRAHAMSON delivered the opinion of the court:

The appellant, Letha J. Watson, brings this appeal from an Order entered September 18, 1970, by the Circuit Court of the 17th Judicial Circuit, Winnebago County, that dismissed her complaint brought under the Dram Shop Act. (Ill. Rev. Stat. 1969, ch. 43, par. 135.) That order did not dispose of all issues raised in the complaint but failed to include an express written finding that there was no just reason for delaying appeal as required by Supreme Court Rule 304. (Ill. Rev. Stat. 1969, ch. 110A, par. 304.) A motion to vacate was denied on December 30 and that order included the necessary finding.

The complaint, brought in eight counts and filed on February 16, 1970, alleged that Glenda Kurth and Letha Watson were injured in an

automobile accident caused by one Robert W. Menge that occurred on March 20, 1969, in Rockford, Illinois. The complaint alleged that Menge was intoxicated at the time of the accident and that the defendants had sold or furnished alcoholic liquor to him that caused his intoxication. The first four counts relate to the cause of action of Glenda Kurth that is not involved in this appeal. Counts 5 through 8, brought by the appellant, sought actual and punitive damages against each of the defendants in the amounts of $150,000 and $200,000 respectively. Counts 6 and 8, relative to the punitive damages, were dismissed earlier since punitive or exemplary damages are not recoverable under the Dram Shop Act.

On September 3, the defendants moved to dismiss Counts 5 and 7 on the grounds that the appellant had, on January 9, 1970, executed a covenant not to sue in favor of Menge in consideration of the payment of $24,000 received from him. The court took the matter under advisement and on September 18 dismissed the remaining counts pertaining to the claims of the appellant on the grounds that she was only entitled to one recovery and had already received more than the maximum amount recoverable under the Dram Shop Act.

■■ The amount of damages recoverable under the Dram Shop Act is to be determined by a jury and the jury is to make that determination "* * * without regard to and with no special instruction as to the dollar limits on recovery * * *" (Ill. Rev. Stat. 1969, ch. 43, par. 135.) Although there is an unfortunate confusion in the reported cases, it now appears well established, and is not disputed here, that the amount received for a covenant not to sue one against whom tort liability could lie will be deducted from the damages recoverable against other parties whose tort liability arises from the same circumstances. *Aldridge v. Morris,* 337 Ill. App. 369, 380.

The defendant argues that in actions arising under the Dram Shop Act the amount received from another tort-feasor for a covenant not to sue is to be deducted from the maximum recoverable under the Act. If this were true, the appellant has already received in excess of the maximum and a jury determination of her actual damages would be, as the trial court believed, an exercise in futility. The appellant, on the other hand, maintains that the proper procedure is to deduct any amounts received for a covenant from the total damages sustained and then apply the limits of the Act to the difference, if any.

In *DeLude v. Rimek,* 351 Ill.App. 466, cited by both parties as authority for their respective positions, the plaintiffs were injured in an automobile accident caused by one Earl MacNevin while he was intoxicated. Suit was brought under the Dram Shop Act against the owners of two establishments that had allegedly furnished MacNevin the alcohol that caused

his intoxication. During the trial the plaintiffs were repeatedly cross-examined in regard to a covenant not to sue furnished MacNevin and the jury was instructed that the amounts received for the covenant should be considered in their assessment of damages. The court pointed out the obvious prejudice created by this course and said at page 474:

"While the amount paid under a covenant not to sue should be deducted from the total damages sustained, we hold it is the function of the jury to find the plaintiff's total damages, and the function of the judge, upon application of the defendant after verdict, to find the amount by which such verdict should be reduced by virtue of any covenant made by the plaintiff with another concerned in the commission of the tort."

In the case of *Slone v. Morton*, 39 Ill.App.2d 495, suit was brought under the Dram Shop Act and sought judgment for $20,000 for loss of support. The trial court granted summary judgment for the defendants on the grounds that the plaintiffs had already received $22,500 paid under the provisions of the Wrongful Death Act. The plaintiff then filed an amended complaint alleging total damages in the amount of $42,500 and, after crediting the $22,500 already received, sought judgment against the dram shop defendants for the difference, $20,000. The appellate court reversed and stated that the pleadings raised a triable issue of fact since the amount already received was to be credited against the total damages as determined by the court or jury.

In *Valentine v. Peiffer*, 53 Ill.App.2d 477, the plaintiff was injured in an automobile collision while she was a passenger. She brought suit against both her own driver and the driver of the other auto for common law negligence and sought damages of $100,000 against each. She also joined two dram shop defendants for allegedly furnishing alcohol to the other driver that caused his intoxication and asked for damages in the amount of the statutory limit, $15,000. Before trial the common law defendants were dismissed from the suit on the basis of a covenant not to sue to be executed in consideration of $20,500. The jury returned a verdict of guilty against the dram shop defendants and assessed the damages at $15,000, the amount sought in the complaint against them. The trial court denied post-trial motions to reduce the award by the amount recovered for the covenant on the grounds that the issue of total damages was not before the jury. The judgment was affirmed and the appellate court said that p. 485, ". . . a careful examination of the cases will show that the courts have only permitted satisfaction or mitigation of a party's *total damages* (citations omitted)." The court went on to say that the reduction of verdict on the basis of a covenant was an affirmative defense and that it was incumbent on the defendants to call the attention of the

court to the settlement before verdict so that the plaintiff would be compelled to go forward to prove total damages.

■■■ The underlying principle in all these cases is that there may be but one satisfaction for one injury irrespective of the availability of multiple remedies and actions. (*Haupt v. Golick,* 57 Ill.App.2d 481, 484; *Slone v. Morton,* 39 Ill.App.2d 495, 502.) However, this principle should not be used to prevent the recovery of the total, actual damages sustained by an injured party. It is not realistic to conclude that the amount received for a covenant not to sue one of several tort-feasors can be equated with the actual damages sustained by the covenantor. Accordingly, the only sensible procedure to follow is that outlined in the *DeLude* case— assess the total damages sustained and then deduct any amounts already received.

Under this procedure, a plaintiff would not effect a "double recovery" but be able to recover the actual damages sustained. It is possible, as pointed out in *DeLude,* that the actual damages as determined by the jury (or the court, if there is no jury) could be less than the amounts already received. In such case, the plaintiff has been fully compensated and the defendant would be discharged.

The position urged by the the defendants could amount to an exculpation of dram shop operators in cases where the actual damages sustained exceeded the statutory limits. In such cases, a plaintiff would be forced to proceed under the Act before he attempted to resolve his claim against the other tort-feasors.

■■ We believe that the proper procedure is to assess the total damages, without reference to any amounts already received, and then reduce the verdict by such amounts. The difference, of course, would be subject to the maximum limits provided in the Act.

For the reasons stated, the judgment of the trial court will be reversed and the cause remanded with directions to proceed in accordance with the views expressed herein.

Reversed and remanded.

SEIDENFELD, P. J., and GUILD, J., concur.