GREG BEUKEMA, Plaintiff-Appellant, v. YOMAC, INC., Defendant-Appellee
(John J. Miller, Defendant).

First District (1st Division)    No. 1—94—3142

Opinion filed April 8, 1996.—Rehearing denied November 27, 1996.

James V. Noonan, Ltd., of Chicago, for appellant.

Thomas J. Tyrrell, Ltd., of Chicago (Thomas J. Tyrrell and Jeffrey D. Javors, of counsel), for appellee.

JUSTICE BUCKLEY delivered the opinion of the court:
Plaintiff, Greg Beukema, brought an action against defendant Yomac, Inc., for personal injuries he sustained while he was a patron

at E.J. Dukester's, a tavern owned and operated by defendant. Plaintiff's complaint contained two counts of common-law negligence and one count of liability under the Dramshop Act. 235 ILCS 5/6—21 (West 1994). Defendant was insured under two insurance policies, a general liability policy which specifically excluded dramshop liability from coverage and a separate dramshop policy issued by a now insolvent carrier. The negligence counts were settled, and defendant filed a motion to dismiss the dramshop count. The trial court granted defendant's motion, ruling that the "non-duplication of recovery" provision of the Illinois Insurance Code (215 ILCS 5/546(a) (West 1994)) bars plaintiff from recovering from the Illinois Insurance Guaranty Fund. Plaintiff filed a timely notice of appeal.

On August 17, 1990, defendant employed John Miller to install bathroom tile in the restroom of E.J. Dukester's. Miller began his work at approximately 11 a.m. and worked straight through until midnight. Throughout that day and night, employees and agents of the tavern provided Miller with alcoholic beverages, and Miller became intoxicated. Plaintiff alleges that at approximately 12 a.m., Miller attacked plaintiff without provocation by striking him with a bar stool. Plaintiff further alleges that this attack resulted in serious and permanent injuries requiring plaintiff to undergo surgery to have his spleen removed.

At the time of the incident, defendant had two mutually exclusive insurance policies for E.J. Dukester's. The first policy (the Travelers policy) was a general liability policy issued by Travelers Insurance Company with a policy limit of $1 million. It contained a provision expressly excluding from coverage any liability incurred in connection with the distribution of alcohol.

The second policy (the Fund policy), issued by State Security Insurance Company, was a dramshop policy which only covered liability arising out of the distribution of alcoholic beverages. On June 16, 1993, State Security was found to be insolvent. Pursuant to the Illinois Insurance Code (the Fund Act), the Illinois Insurance Guaranty Fund (the Fund) assumed State Security's obligation to defend the dramshop claim. 215 ILCS 5/532 et seq. (West 1994).

Plaintiff filed a three-count complaint seeking compensation for his injuries. Counts I and III alleged common-law negligence. Count II alleged liability under the Dramshop Act.

On November 16, 1993, plaintiff, defendant, and Travelers settled the common-law negligence counts for $55,017.70. The settlement agreement and release states that "plaintiff expressly reserves all claims against Yomac *** relative to Count II of its complaint."

■ On January 10, 1994, defendant moved to dismiss count II,

arguing that the "non-duplication of recovery" provision of the Fund Act disallows any further recovery. That provision states:

"Any insured or claimant having a covered claim against the Fund shall be required first to exhaust his rights under any provision in any other insurance policy which may be applicable to the claim. Any amount payable on a covered claim under this Article shall be reduced by the amount of such recovery under such insurance policy." 215 ILCS 5/546(a) (West 1994).

The trial court found that "claim" means "injury" and since the Travelers policy was applicable to plaintiff's injury, it was applicable to plaintiff's claim. Therefore, the court held that the nonduplication provision required plaintiff to exhaust his rights under the Travelers policy before he could seek recovery from the Fund. Since plaintiff settled with Travelers for less than the policy limit, the trial court found that he had not exhausted his rights under the Travelers policy, and he was barred from pursuing his action against the Fund.

Plaintiff argues that the dismissal of count II was in error. He contends that the nonduplication provision of the Fund Act does not apply to this case because the Fund policy is the only policy applicable to the dramshop claim.

■ The plain language of the statute clearly supports plaintiff's position. Section 546 of the Fund Act provides that a claimant must exhaust all rights under "any other policy applicable to the claim" before recovering under a policy assumed by the Fund. 215 ILCS 5/546(a) (West 1994). Plaintiff's complaint contains a claim based on common-law negligence and a claim based on the distribution of alcoholic beverages. These are separate claims alleging different actions and circumstances as grounds for liability. Illinois law is clear that a common-law negligence claim may be brought in the same lawsuit as a dramshop claim, so long as the negligence claim is not based on the serving of alcohol. *Loomis v. Granny's Rocker Nite Club*, 250 Ill. App. 3d 753, 754-55, 620 N.E.2d 664, 665 (1993); *Hayes v. O'Donnell*, 76 Ill. App. 3d 695, 696-97, 395 N.E.2d 184, 185 (1979). Therefore, if plaintiff can establish the necessary elements, he is entitled to recover under both counts.

Plaintiff's negligence claim alleged that defendant breached its duty to exercise reasonable care in managing the premises. Specifically, plaintiff alleged that defendant failed to provide adequate security, failed to remove Miller after it became clear that he posed a threat of violence, and failed to seek assistance from the police. The dramshop claim, on the other hand, alleged that plaintiff is entitled to recover under the Illinois Dramshop Act, which provides that anyone injured by an intoxicated person has a cause of action against

any person who provided the alcohol causing the intoxication. 235 ILCS 5/6—21 (West 1994).

■ The trial court's finding that the claim is the injury, and, therefore, that the Travelers policy is "applicable to the claim" is erroneous. The claim against the Fund asserts dramshop liability which is only covered by the Fund policy. The Travelers policy explicitly excludes dramshop liability from coverage, and, therefore, it is *not* a "policy which may be applicable to the claim," as would be required for the nonduplication of recovery provision to bar plaintiff's dramshop claim against the Fund. See 215 ILCS 5/546(a) (West 1994).

The situation in this case is quite different from that in the uninsured motorist cases on which the trial court relied without citation. Illinois courts have held that in automobile accident cases where the defendant's insurer is insolvent and the plaintiff's insurance policy contains an uninsured motorist provision, section 546 requires the plaintiff to exhaust his rights under the uninsured motorist coverage before he can recover from the Fund. *Urban v. Loham*, 227 Ill. App. 3d 772, 777, 592 N.E.2d 292, 295 (1992); *Lucas v. Illinois Insurance Guaranty Fund*, 52 Ill. App. 3d 237, 239, 367 N.E.2d 469, 471 (1977). In each of these cases, the plaintiff's claim that the defendant negligently operated a vehicle causing plaintiff's injury is the same under either policy. The defendant's liability policy, assumed by the Fund, certainly covers this claim of negligence, but the uninsured motorist provision provides an "other insurance policy which may be applicable to the claim." Therefore, the nonduplication provision applies and the plaintiff must exhaust his uninsured motorist protection before he can recover from the Fund.

Conversely, in this case, plaintiff's claim with Travelers was that defendant failed to protect its patrons from attack by others in the tavern, whereas his claim with the Fund is that defendant caused Miller to become intoxicated and attack plaintiff. There is no "other insurance policy which may be applicable to [plaintiff's] claim" that defendant caused Miller to become intoxicated and assault plaintiff. The Travelers policy specifically excludes such a claim from its coverage.

For the foregoing reasons, we find that the nonduplication provision of the Fund Act does not apply in this case to require plaintiff to exhaust his rights under the Travelers policy before he can seek recovery from the Fund. Therefore, the decision of the trial court is reversed, and the case is remanded for proceedings consistent with

794

this opinion. We make no finding as to whether any recovery from the Fund is to be offset against plaintiff's settlement with Travelers.

Reversed and remanded.

WOLFSON and BRADEN, JJ., concur.