SHERITA BURTON, Plaintiff-Appellee, v. NOEL RAMOS, Defendant-Appellant.—NOEL RAMOS *et al.*, Plaintiffs-Appellants,. v. AMERICAN SERVICE INSURANCE, INC., Defendants-Appellees.—AMERICAN SERVICE INSURANCE, INC., Plaintiff-Appellee, v. SHERITA BURTON, Defendant-Appellant (Noel Ramos *et al.*, Intervenors-Appellants).

First District (6th Division)   Nos. 1—01—0735, 1—01—2805, 1—02—1025, 1—02—1197 cons.

Opinion filed June 13, 2003.

Hugh C. Griffin and Stevie A. Starnes, both of Lord, Bissell & Brook, and Roger LeRoy, of Ronald J. Lucaccioni, Ltd., both of Chicago, for appellants.

James P. Newman and Gregory Francis Kelly, both of Newman & Pelafas, L.L.C., of Chicago, for appellee American Service Insurance, Inc.

JUSTICE TULLY delivered the opinion of the court:

In December 1997 a vehicle driven by Noel Ramos collided with a vehicle driven by Sherita Burton. The insurance company that provided Ramos's automobile liability policy was subsequently declared insolvent. The collision and subsequent insolvency prompted three

separate actions in the circuit court and the four consolidated appeals before us now.

Burton filed a complaint sounding in negligence against Ramos. The complaint proceeded to mandatory arbitration. Ramos did not participate in the arbitration and the arbitrators awarded Burton $6,000. The Illinois Insurance Guaranty Fund (the Fund) subsequently undertook Ramos's defense on behalf of the insolvent insurer that had provided his automobile liability policy. Ramos filed a rejection of the arbitration award and Burton filed a motion to bar rejection of the award. The trial court granted Burton's motion and entered judgment on the arbitrator's award. Ramos subsequently filed a postjudgment motion to declare the judgment satisfied, arguing that he was entitled to a setoff equal to the amount of Burton's uninsured motorist coverage, $20,000. The trial court denied Ramos's motion. In No. 1—01—0735, Ramos appeals the trial court's order denying his postjudgment motion.

While the tort action was pending, Ramos and the Fund filed a declaratory judgment action seeking a declaration that Burton's insurance carrier, American Service Insurance Co. (American), was obligated to provide uninsured motorist coverage to Burton. American moved to dismiss the action and the trial court granted the motion. In No. 1—01—2805, Ramos and the Fund appeal the dismissal of their declaratory judgment action.

In the final action, American filed a declaratory judgment action against Burton seeking a declaration that it was not required to provide Burton with uninsured motorist coverage. American argued that Burton's claim for uninsured motorist protection was untimely filed. Ramos and the Fund were subsequently granted leave to intervene. American filed for summary judgment and the trial court granted the motion. The trial court held that American was not required to provide uninsured motorist coverage because Burton's claim was untimely. In No. 1—02—1025, Ramos and the Fund appeal the trial court's order granting summary judgment. In No. 1—02—1197, Burton appeals the trial court's order granting summary judgment.

On the parties' motions, we consolidated these four cases for appeal.

## No. 1—01—0735

■ In this appeal, Ramos appeals contending that under section 546(a) of the Illinois Insurance Code (the Code) (215 ILCS 5/546(a) (West 1998)) he is entitled to a setoff against the judgment entered against him equal to the limits of liability of Burton's uninsured

motorist policy. The Fund, although not technically a party to this appeal, has filed a joint brief with Ramos that addresses each of the consolidated appeals. In its appellee's brief, American argues that it has no interest in whether the Fund or Ramos is liable for the judgment entered in Burton's favor and presents no argument on this issue. Burton has not filed a brief. Accordingly, we are effectively without an appellee's brief addressing this appeal. However, we find that the issues and record are relatively simple and we will address the merits of the appeal in accordance with the standards of *First Capitol Mortgage Corp. v. Talandis Construction Corp.*, 63 Ill. 2d 128 (1976).

■ Our disposition of this case is governed by the application of section 546(a) of the Code. Section 546(a) provides:

> "An insured or claimant shall be required first to exhaust all coverage provided by any other insurance policy, regardless of whether or not such other insurance policy was written by a member company, if the claim under such other policy arises from the same facts, injury, or loss that gave rise to the covered claim against the Fund. The Fund's obligation under Section 537.2 shall be reduced by the amount recovered or recoverable, whichever is greater, under such other insurance policy. Where such other insurance policy provides uninsured or underinsured motorist coverage, the amount recoverable shall be deemed to be the full applicable limits of such coverage. To the extent that the Fund's obligation under Section 537.2 is reduced by application of this Section, the liability of the person insured by the insolvent insurer's policy for the claim shall be reduced in the same amount." 215 ILCS 5/546(a) (West 1998).

The plain language of this statutory provision appears to grant Ramos and the Fund a setoff against the judgment equal to the limits of Burton's uninsured motorist coverage without regard to whether she actually received a payment from her insurer or even filed an uninsured motorist claim. This interpretation is supported by the case of *Urban v. Loham*, 227 Ill. App. 3d 772 (1992), which interpreted an earlier version of section 546(a).

In *Urban*, the reviewing court held that a plaintiff who failed to file a timely uninsured motorist claim with his insurer could proceed against the Fund. *Urban*, 227 Ill. App. 3d at 777-78. However, the reviewing court held that any recovery from the Fund would be offset by the maximum amount that the plaintiff could have recovered if he had timely sought uninsured motorist coverage from his own insurer. *Urban*, 227 Ill. App. 3d at 777-78. The *Urban* court made the following comments regarding the policy considerations that guided its ruling:

> "The legislative policy behind section 546(a) requires a plaintiff to collect as much as he can under his uninsured motorist cover-

age. A plaintiff who knowingly fails to do so shall be assumed to have received the policy limits of his uninsured motorist coverage. This assumption implements the legislative intent that the Fund be a source of last resort, and that the Fund's liability be offset by any recovery to which a plaintiff is contractually entitled under his own insurance policy." *Urban*, 227 Ill. App. 3d at 777.

We find that this legislative policy is even clearer in the current version of the statute, which expressly holds that the amount recoverable is deemed to be the applicable policy limit. More recently our supreme court reaffirmed the rationale of *Urban* and held that a plaintiff who settles with his uninsured motorist carrier for less than the policy limits will still be deemed to have received an amount equal to the policy limits and the Fund will be entitled to a setoff in that amount. *Hasemann v. White*, 177 Ill. 2d 414, 421 (1997).

■ In the case before us, Burton had uninsured motorist coverage with a limit of liability of $20,000. However, because she failed to file a timely claim, American refused to pay the claim. American subsequently obtained a declaratory judgment that it was not obligated to pay the untimely claim. But for Burton's failure to properly preserve her right to recover from American, insurance sufficient to satisfy her claim against Ramos would have been available. The legislative policy behind section 546(a) as expressed by the *Urban* court requires that under these circumstances it is Burton and not the Fund that must bear the loss. Accordingly, we conclude that the trial court erred when it denied Ramos's motion to declare the judgment satisfied. The judgment of the circuit court is reversed, and we hold that the judgment is satisfied and neither Ramos nor the Fund has any obligation toward Burton.

We note that the trial court's comments regarding its ruling on Ramos's postjudgment motion suggest that it ruled against Ramos based on an estoppel or waiver theory. However, the basis for such a theory is not immediately apparent from the trial court's comments. Further, because no one has filed a brief in response to the brief filed on behalf of Ramos and the Fund, we have not been presented with any arguments regarding whether Ramos's setoff claim was otherwise procedurally barred. Although we are not required to affirm merely because Burton failed to file a brief in this matter, neither are we required to assume the role of an advocate and search the record for alternative bases to affirm the trial court's decision. See *Orava v. Plunkett Furniture Co.*, 297 Ill. App. 3d 635, 636 (1998). Accordingly, we need not address whether an alternative basis exists for affirming the decision of the trial court.

No. 1—01—2805

■ In its brief the Fund does not present any argument challeng-

ing the trial court's ruling in this case. Accordingly, we dismiss the appeal.

No. 1—02—1025

The Fund appeals contending that the trial court erred when it granted summary judgment in favor of American and against Burton. The Fund argues that the limitations period contained in American's insurance policy should not be construed to begin until an insured discovers that the insurance company that insures the driver at fault is insolvent. American addresses the substance of this argument in its brief but also suggests that it is "curious" that the Fund would raise arguments on Burton's behalf and questions whether the Fund should be "in the business of filing *amicus curiae* briefs." We find the sarcastic tone of American's comments on this issue inappropriate and contrary to its obligation to present this court with coherent legal arguments supported by citation to appropriate authority. However, we find, nonetheless, that American's comments raise a valid issue, and we have elected to construe them as a motion to dismiss the Fund's appeal for lack of standing.

■ The doctrine of standing is designed to insure that the courts are accessible to parties to resolve actual controversies between them and not " 'address abstract questions, moot issues, or cases brought on behalf of others who may not desire judicial aid.' " *Owner-Operator Independent Drivers Ass'n v. Bower*, 325 Ill. App. 3d 1045, 1050 (2001), quoting *Jenner v. Wissore*, 164 Ill. App. 3d 259, 267 (1988). In order to have standing to appeal, a party must assert its own rights and interests and may not base its allegations of error on the rights of third parties. *Commercial Credit Loans, Inc. v. Espinoza*, 293 Ill. App. 3d 923, 929 (1997).

■ At the trial level, the Fund and Ramos argued that they were interested in the declaratory judgment action between American and Burton because they would be entitled to set off the amount of any uninsured motorist claim Burton received from American against the judgment Burton had obtained against Ramos. However, we need not consider whether the Fund or Ramos had standing in the trial court to assert Burton's rights, because our disposition of appeal No. 1—01—0735 has eliminated any interest they might have had in the dispute between American and Burton. As we held above, Ramos and the Fund are allowed to set off an amount equal to the limits of Burton's uninsured motorist coverage with American regardless of whether Burton is ultimately able to prevail in her claim against American. Accordingly, the liability of Ramos and the Fund to Burton would be the same no matter the outcome of American's declaratory judgment ac-

tion. We determine that, in light of our disposition of appeal No. 1—01—0735, the Fund's interest in its appeal of the judgment entered against Burton is purely theoretical. Therefore, we dismiss appeal No. 1—02—1025.

## No. 1—02—1197

■ In appeal No. 1—02—1197, Burton appeals the trial court's order granting summary judgment in favor of American. However, Burton has neither filed a brief presenting legal arguments for reversing the trial court's order nor has she indicated that she wishes to adopt the arguments the Fund presented on this issue. Accordingly, we dismiss appeal No. 1—02—1197

## CONCLUSION

For the foregoing reasons, we reverse the judgment of the trial court in appeal No. 1—01—0735 and hold that Ramos and the Fund are entitled to set off the judgment by an amount equal to the limits of Burton's uninsured motorist policy with American. We dismiss the appeals in Nos. 1—01—2805, 1—02—1025 and 1—02—1197.

No. 1—01—0735, Reversed.

No. 1—01—2805, Appeal dismissed.

No. 1—02—1025, Appeal dismissed.

No. 1—02—1197, Appeal dismissed.

GALLAGHER and O'MARA FROSSARD, JJ., concur.