# ILLINOIS OFFICIAL REPORTS

---

### Rogers v. Imeri, 2013 IL App (5th) 110546

---

| | |
|---|---|
| Appellate Court Caption | ROY DEAN ROGERS II and TERESA ROGERS, Individually and as Coadministrators of the Estate of Roy Dean Rogers III, and TERESA ROGERS as Mother and Next Friend of Darian Rogers and Haylee Rogers, Plaintiff-Appellees, v. GANI IMERI, Individually and d/b/a Johnny's Bar and Grill, Defendant-Appellant. |
| District & No. | Fifth District<br>Docket No. 5-11-0546 |
| Rule 23 Order filed<br>Rehearing denied<br>Motion to publish granted<br>Opinion filed | February 1, 2013<br>March 8, 2013<br><br>March 12, 2013<br>March 12, 2013 |
| Held<br>(*Note: This syllabus constitutes no part of the opinion of the court but has been prepared by the Reporter of Decisions for the convenience of the reader.*) | In answer to a certified question, the appellate court responded that in a dramshop action involving the Illinois Insurance Guaranty Fund, the reduction of the verdict for plaintiffs for "other insurance" recoveries pursuant to section 546(a) of the Insurance Code is applied against the jury's verdict and the resulting amount is then reduced to the statutory maximum set forth in the Dramshop Act if the resulting amount is greater than the maximum. |
| Decision Under Review | Appeal from the Circuit Court of Effingham County, No.10-L-18; the Hon. Kimberly G. Koester and the Hon. Michael P. Kiley, Judges, presiding. |

| | |
|---|---|
| Judgment | Affirmed; certified question answered. |
| Counsel on Appeal | Hugh C. Griffin, of Hall, Prangle & Schoonveld, LLC, of Chicago, and Jon R. Shelton, of Shelton & Madrid, LLC, of St. Louis, Missouri, for appellant. |
| | Christopher A. Koester, of Taylor Law Offices, P.C., of Effingham, for appellees. |
| Panel | JUSTICE CHAPMAN delivered the judgment of the court, with opinion. Justices Goldenhersh and Stewart concurred in the judgment and opinion. |

**OPINION**

¶ 1    The plaintiffs, Roy Dean Rogers II and Teresa Rogers, filed a petition under the Dramshop Act (235 ILCS 5/6-21 (West 2008)) after their son was fatally injured in a collision with a drunk driver. Because the defendant's dramshop liability insurance carrier was insolvent, the defendant was represented in this action by the Illinois Insurance Guaranty Fund. Prior to trial, the defendant filed a motion for a summary determination of the extent to which his liability was to be offset by automobile insurance proceeds the plaintiffs had recovered. The defendant asked the court to rule that his liability was to be reduced to the statutory cap under the Dramshop Act and then further reduced by the amounts recovered from other insurance policies. The court denied the motion. The court subsequently granted the defendant's motion to certify the question for interlocutory review pursuant to Illinois Supreme Court Rule 308(a) (eff. Feb. 26, 2010). We answer the certified question and affirm the trial court's ruling.

¶ 2    The salient facts are not in dispute. In October 2009, the plaintiffs' son, Roy Dean Rogers III, sustained fatal injuries when the vehicle he was driving was involved in a head-on collision with a vehicle driven by John E. Winterrowd. Rogers died later the same day. He was 18 years old. According to the allegations of the complaint, Winterrowd was intoxicated after consuming alcohol served to him at Johnny's Bar and Grill, an establishment owned by the defendant, Gani Imeri. The plaintiffs received $26,550 from Winterrowd's liability insurance policy. They also received $80,000 from their own automobile insurance policy ($75,000 under the underinsured motorist provision and $5,000 under a medical coverage provision).

¶ 3    The plaintiffs subsequently filed the instant action under the Dramshop Act (235 ILCS 5/6-21 (West 2008)). They alleged that Winterrowd was intoxicated as a result of drinking

alcoholic beverages at Johnny's Bar and Grill and that his intoxication contributed to the collision. They sought damages for the loss of the decedent's companionship, property damage to the vehicle, medical bills, and the decedent's pain and suffering before he died.

¶ 4 At the time the accident occurred, the defendant maintained a dramshop liability policy with Constitutional Casualty Company. The policy provided a policy limit of $130,338.51, the statutory cap under the Dramshop Act. See 235 ILCS 5/6-21 (West 2008). However, while this matter was pending, Constitutional Casualty Company was declared insolvent and liquidated. Consequently, the Illinois Insurance Guaranty Fund (hereinafter Guaranty Fund or Fund) took over the defense of this litigation.

¶ 5 The defendant filed a "motion for summary adjudication of the amount that liability must be reduced under 215 ILCS 5/546." See 735 ILCS 5/2-1005(d) (West 2008) (providing for summary determination of some, but not all, major issues). The defendant argued that his maximum dramshop liability is $130,338.51, the statutory damage cap, and that amount must therefore be reduced by the $106,550 received from other insurance companies under section 546 of the Illinois Insurance Code (hereinafter the Illinois Insurance Guaranty Fund statute) (215 ILCS 5/546(a) (West 2008) (providing that "the Fund's obligation" must be reduced by insurance proceeds received)).

¶ 6 The court denied the defendant's motion, finding that the setoff issue was premature. The court further found that the ruling requested by the defendant would "invade the jury's role as finder of fact." The court noted that, if the jury found in favor of the plaintiffs, the defendant would then have the opportunity to request setoffs or other reductions.

¶ 7 The defendant filed a motion to reconsider that ruling or, in the alternative, to certify a question for appellate review pursuant to Illinois Supreme Court Rule 308(a) (eff. Feb. 26, 2010). The plaintiffs agreed to the request for certification. The court granted the motion and certified the following question for review:

> "Where the defendant in a dram shop case is being defended by the Illinois Insurance Guaranty Fund after defendant's liability insurer was declared insolvent, and where plaintiff has already made an insurance recovery from plaintiff's underinsured motorist insurer and from the alleged intoxicated person's liability insurer, and where the jury returns a verdict in excess of the defendant's maximum liability under the Dram Shop Act, is the reduction for 'other insurance' recoveries set forth in Section 546(a) of the Illinois Insurance Guaranty Fund Act applied against the jury's verdict or against the defendant's maximum dram shop liability?"

We granted the defendant's application for leave to appeal on January 11, 2012.

¶ 8 In an interlocutory appeal under Supreme Court Rule 308(a), our review is limited to addressing the question certified by the trial court. Ordinarily, we do not look beyond the question to consider the propriety of the court's ruling on the underlying order. *Hudkins v. Egan*, 364 Ill. App. 3d 587, 590, 847 N.E.2d 145, 148 (2006). To qualify for review under Rule 308(a), a certified question must present an issue of law. *Solon v. Midwest Medical Records Ass'n*, 236 Ill. 2d 433, 439, 925 N.E.2d 1113, 1117 (2010). Thus, our review is *de novo*. *Solon*, 236 Ill. 2d at 439, 925 N.E.2d at 1117; *Hudkins*, 364 Ill. App. 3d at 590, 847 N.E.2d at 148.

-3-

¶ 9 The parties agree that the defendant is entitled to a setoff of the $106,550 the plaintiffs received from the two automobile insurance policies. The defendant argues that this amount is to be deducted from the statutory cap of $130,338.51. The plaintiffs argue that it must be deducted from the jury's verdict and then reduced to the statutory cap if necessary. We note that, as previously discussed, this case has not yet been tried. However, because it involves a death, it is likely that a verdict in favor of the plaintiffs will result in damages exceeding the statutory cap. This assumption is included in the question certified by the trial court and argued by the parties.

¶ 10 Resolution of the parties' contentions requires us to construe the language of two statutes–section 546 of the Illinois Insurance Guaranty Fund statute (215 ILCS 5/546 (West 2008)) and the Dramshop Act (235 ILCS 5/6-21 (West 2008)). In resolving questions of statutory construction, our primary objective is to ascertain and effectuate the intent of the legislature in enacting the statutes. *Solon*, 236 Ill. 2d at 440, 925 N.E.2d at 1117. The best indicator of legislative intent is the express language of the statutes, which should be given its plain and ordinary meaning. *Solon*, 236 Ill. 2d at 440, 925 N.E.2d at 1117. If statutes are clear and unambiguous, we must apply them as written without resorting to extrinsic aids in statutory construction. However, if statutory language is susceptible to more than one reasonable interpretation, it is ambiguous and we may look beyond the express language to determine the legislature's intent. *Solon*, 236 Ill. 2d at 440, 925 N.E.2d at 1117.

¶ 11 In interpreting statutes, we must read the relevant provisions in their entirety and consider the legislature's apparent intent in enacting them. *Solon*, 236 Ill. 2d at 440, 925 N.E.2d at 1117. We must interpret statutes in a way that will not render any portion of them meaningless or superfluous. *Solon*, 236 Ill. 2d at 440-41, 925 N.E.2d at 1117. We may also consider the consequences likely to result from our interpretation. *Solon*, 236 Ill. 2d at 441, 925 N.E.2d at 1117. In doing so, we presume that the legislature did not intend an absurd or unjust result. *Solon*, 236 Ill. 2d at 441, 925 N.E.2d at 1118.

¶ 12 Section 546 of the Illinois Insurance Guaranty Fund statute provides that an insured or claimant must "exhaust all coverage provided by any other insurance policy *** if the claim under such other policy arises from the same facts, injury, or loss that gave rise to the covered claim against the Fund." 215 ILCS 5/546(a) (West 2008). The statute further provides that "the Fund's obligation" is to be reduced by amounts recovered. 215 ILCS 5/546(a) (West 2008). At issue in this case is an interpretation of the phrase "the Fund's obligation."

¶ 13 The Guaranty Fund is intended " 'to place claimants in the same position that they would have been in if the liability insurer had not become insolvent.' " *Gines v. Ivy*, 358 Ill. App. 3d 607, 609, 832 N.E.2d 937, 938 (2005) (quoting *Lucas v. Illinois Insurance Guaranty Fund*, 52 Ill. App. 3d 237, 239, 367 N.E.2d 469, 471 (1977)). As we will discuss in more detail later in this decision, there are some circumstances under which the Guaranty Fund's liability may be less than that of the insolvent insurer. See *Hasemann v. White*, 177 Ill. 2d 414, 420-21, 686 N.E.2d 571, 574 (1997). However, the Guaranty Fund is in essence a substitute for the insolvent insurer, not a separate source of recovery. *Gines*, 358 Ill. App. 3d at 609, 832 N.E.2d at 938. Thus, unless specific limitations in the Guaranty Fund statute are applicable, the Guaranty Fund's obligation is determined by the Dramshop Act.

¶ 14    The Dramshop Act expressly provides for a jury to determine the amount of damages without regard to the statutory limit. 235 ILCS 5/6-21 (West 2008); *Kurth v. Amee, Inc.*, 3 Ill. App. 3d 506, 508, 278 N.E.2d 162, 163-64 (1972). In *Kurth*, the court considered the question of setoffs in a dramshop case where the plaintiffs settled with the driver while their dramshop action was pending. The plaintiffs there received $24,000 from the driver and executed a covenant not to sue. *Kurth*, 3 Ill. App. 3d at 508, 278 N.E.2d at 163. The parties agreed that the dramshop defendant was entitled to a $24,000 setoff. *Kurth*, 3 Ill. App. 3d at 508, 278 N.E.2d at 163. However, as in this case, they did not agree on whether that amount was to be deducted from the jury verdict or the statutory limit. As here, the defendant argued that the setoff amount was to be deducted from the statutory damage cap in the Dramshop Act. *Kurth*, 3 Ill. App. 3d at 508, 278 N.E.2d at 163-64. The plaintiffs, however, argued that it should be deducted from the total damages awarded by the jury, and the difference, if any, should then be reduced to the statutory cap. *Kurth*, 3 Ill. App. 3d at 508, 278 N.E.2d at 164.

¶ 15    In rejecting the defendant's argument, the *Kurth* court noted that the procedure advocated by the defendant could insulate dramshop defendants from liability in cases where damages received from drivers or other defendants exceed the statutory cap. *Kurth*, 3 Ill. App. 3d at 510, 278 N.E.2d at 165. The court therefore determined that the Dramshop Act requires the following procedure where setoffs are involved: First, the jury determines the total damages sustained. The jury's award is then offset by other recoveries. Finally, if the remainder is above the statutory limit, it is reduced to that limit. *Kurth*, 3 Ill. App. 3d at 510, 278 N.E.2d at 165.

¶ 16    The defendant acknowledges that this is generally the procedure under the Dramshop Act. He argues, however, that a different result is required here because the Guaranty Fund is involved. We disagree.

¶ 17    As the defendant correctly notes, the language of section 546 was amended in 1997, long after *Kurth* was decided. See Pub. Act 90-499 (eff. Aug. 19, 1997). The defendant contends that this change requires a different result in dramshop cases involving the Guaranty Fund. In support of this argument, the defendant cites *Roth v. Illinois Insurance Guaranty Fund*, 366 Ill. App. 3d 787, 852 N.E.2d 289 (2006), which considered the effect of the 1997 amendment to the statute. We find no support for the defendant's position in *Roth*.

¶ 18    *Roth* did not involve proceedings under the Dramshop Act. The issue there was whether the Guaranty Fund was entitled to any setoff for amounts the plaintiff received from health insurance and disability insurance. *Roth*, 366 Ill. App. 3d at 789, 852 N.E.2d at 291. In finding that the Guaranty Fund was entitled to these setoffs, the *Roth* court considered the impact of the 1997 amendment to section 546. The previous version provided that claimants were required to exhaust " 'rights under any provision in any other insurance policy which may be *applicable to the claim*' " before seeking to recover from the Guaranty Fund. (Emphasis in original.) *Roth*, 366 Ill. App. 3d at 795, 852 N.E.2d at 296 (quoting 215 ILCS 5/546(a) (West 1994)). As previously noted, the current version requires claimants to exhaust coverage under other policies if the coverage "arises from the same facts, injury, or loss that gave rise to the covered claim." 215 ILCS 5/546(a) (West 2008).

¶ 19    The *Roth* court noted that prior to the amendment, courts interpreted the statute as

applying only to policies that provide the same *type* of insurance as the insolvent insurer. *Roth*, 366 Ill. App. 3d at 798, 852 N.E.2d at 298. Thus, for example, in a dramshop case, the preamendment language was interpreted to require no setoff at all where the plaintiffs recovered from a solvent liability insurer that excluded dramshop coverage. *Roth*, 366 Ill. App. 3d at 796, 852 N.E.2d at 296-97 (discussing *Beukema v. Yomac, Inc.*, 284 Ill. App. 3d 790, 672 N.E.2d 755 (1996)). The court explained that the amended language–which focuses on the underlying injury or loss rather than the claim–was "intended to broaden the scope of the *types* of insurance" that must be exhausted before a claimant may recover from the Guaranty Fund. (Emphasis added.) *Roth*, 366 Ill. App. 3d at 798, 852 N.E.2d at 298.

¶ 20    Here, however, the applicability of section 546 to the automobile insurance proceeds the plaintiffs recovered is not at issue. As we stated earlier, there is no dispute here that the statute applies. The only issue is how that setoff is to be determined. Nothing in *Roth* or the express language of the amended statute alters the manner in which setoffs are to be determined in dramshop cases just because the Guaranty Fund is involved.

¶ 21    The defendant argues that this interpretation will eviscerate the purpose of section 546. We disagree. The defendant is correct that the Guaranty Fund is a " 'source [of recovery] of last resort.' " *Roth*, 366 Ill. App. 3d at 794-95, 852 N.E.2d at 295 (quoting *Illinois Insurance Guaranty Fund v. Farmland Mutual Insurance Co.*, 274 Ill. App. 3d 671, 673, 653 N.E.2d 856, 857 (1995)). The defendant is also correct that the Guaranty Fund's liability is subject to the limitations in the Guaranty Fund statute. *Roth*, 366 Ill. App. 3d at 795, 852 N.E.2d at 295. For example, the Guaranty Fund is entitled to a setoff of the full policy limits even if the plaintiff settles for less than those limits or does not pursue a claim. *Burton v. Ramos*, 341 Ill. App. 3d 122, 125-26, 792 N.E.2d 362, 364-65 (2003); see also 215 ILCS 5/546(a) (West 2008). This limitation is not applicable in the instant case only because the plaintiffs recovered the full policy limits of the coverage available to them. However, the limitation is generally applicable in dramshop cases, which prevents claimants from seeking to recover from the Guaranty Fund without first exhausting other coverage available to them.

¶ 22    We also note that whether the Guaranty Fund is obligated to pay the statutory maximum in a dramshop case depends on the facts of the case. If the jury returns a verdict of $500,000 in the instant case, that amount would be reduced to $393,450, which would then be reduced to the statutory dramshop maximum of $130,338.51. However, if the jury returns a verdict of $200,000, that would be reduced to $93,450, which is less than the statutory maximum. We believe that these limits are sufficient to effectuate the purpose of section 546.

¶ 23    For the foregoing reasons, we affirm the ruling of the trial court. We answer the certified question by holding that the reduction for "other insurance" recoveries set forth in section 546(a) of the Guaranty Fund statute is applied against the jury's verdict and then reduced to the statutory maximum in the Dramshop Act if necessary.

¶ 24    Affirmed; certified question answered.